**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4554**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

BRYAN KEITH PROFFITT,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:10-cr-00002-JPJ-PMS-25)

Submitted: January 12, 2018                Decided: January 24, 2018

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Rick A. Mountcastle, Acting United States Attorney, Roanoke, Virginia, Mary Kathleen Carnell, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Keith Proffitt was charged with violating various conditions of his supervised release. At a hearing at which Proffitt admitted committing the violations, the district court revoked release and sentenced him to 12 months in prison. Proffitt appeals.

"We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). The record establishes that Proffitt was sentenced within the statutory maximum term of five years, *see* 18 U.S.C. §§ 3559(a)(1), 3583(e)(3), 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851 (2012). The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find a sentence to be unreasonable will we consider whether it is "plainly" so. *United States v. Crudup*, 461 F.3d at 440.

A revocation sentence is procedurally reasonable if the district court considered the Chapter Seven policy statement range and the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors. *Id.* A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Id.* "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

2

We conclude that Proffitt's sentence is procedurally and substantively reasonable. The district court stated that it had considered relevant § 3553(a) factors, and the court was aware of Proffitt's policy statement range of 8-14 months. Further, the court provided a sufficiently individualized assessment in fashioning the revocation sentence. In this regard, the court was particularly concerned about Proffitt's multiple convictions for driving while intoxicated, the need for deterrence, and his breach of trust. We find no merit to the claim raised for the first time on appeal that the sentence was based on (1) speculation about other instances when Proffitt might have driven under the influence or (2) the district court's not understanding why Proffitt had received a sentence of only 17 days for a recent drunk driving offense.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*